Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HERA PRINT, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>POSTECH FASHION INC d/b/a "ChicMe," a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 2:26-cv-9194<br><br>**COMPLAINT FOR**<br>**1. COPYRIGHT INFRINGEMENT**<br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>**3. VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>Jury Trial Demanded |

Plaintiff HERA PRINT, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff Hera Print, Inc. ("Hera" or "Plaintiff") is a corporation organized and existing under the laws of the State of California with its principal place of business in California.

5. Plaintiff is informed and believes and thereon alleges that Defendant POSTECH FASHION INC d/b/a "ChicMe" ("CHICME" or "Defendant") is a Delaware corporation with a principal place of business at 1226 N King Street # 160 Wilmington, Delaware 19801-3232 and is doing business in and with the State of California and this District, including, upon information and belief, by selling the Offending Products (defined hereinbelow) to customers in California and this District.

6. Hera is informed and believes and thereon alleges that Defendants DOES 1 through 10 (collectively with CHICME, "Defendants"), inclusive, are parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Hera, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Hera is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship

and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Hera's rights and the damages to Hera proximately caused thereby.

**CLAIMS RELATED TO DESIGN HE-2748**

8. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of garment production. It allocated this design Hera's Internal Design Number HE-2748 ("Subject Design A"). This artwork was a creation of Hera and/or Hera's design team, and is, and at all relevant times was, owned in exclusively by Hera.

9. Hera owns a United States Copyright Registration covering Subject Design A. The registration was issued by, and/or the application therefor was received and processed to completion by, the United States Copyright Office prior to the commencement of this action, and Hera has at all times complied in all material respects with the Copyright Act and all laws governing copyright with respect to Subject Design A.

10. Since 2018, Hera has sampled and sold fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

11. Following this distribution of product bearing Subject Design A, Hera's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design A and were selling fabric and garments bearing illegal reproductions and derivations of Subject Design A.

12. Hera is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design A, CHICME, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, imported and/or

distributed fabric and/or garments comprised of fabric bearing unauthorized reproductions of Subject Design A (“Offending Product A”).

13. Hera is informed and believes and thereon alleges that Defendants sold Offending Product A to the public, including to customers in California and this District.

14. Hera is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Hera’s rights and/or in blatant disregard for Hera’s rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

15. A non-exclusive comparison of Subject Design A and an exemplar of Offending Product A is shown below:

//

| HE-2748 | Offending Products |
| --- | --- |
|  | <br> |

| HE-2748 | Offending Products |
|---|---|
|  |    |

| HE-2748 | Offending Products |
|---|---|
|  |    |

| HE-2748 | Offending Products |
|---|---|
|  |    |

| HE-2748 | Offending Products |
|---|---|
|  |    |

| HE-2748 | Offending Products |
| --- | --- |
|  |  |

16. The above referenced comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are substantially similar.

**<u>CLAIMS RELATED TO DESIGN HE-2075</u>**

17. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of garment production. It allocated this design Hera's Internal Design Number HE-2075 ("Subject Design B") (collectively with Subject Design A, the "Subject Designs"). This artwork was a creation of Hera and/or Hera's design team, and is, and at all relevant times was, owned in exclusively by Hera.

18. Hera owns a United States Copyright Registration covering Subject Design B. The registration was issued by, and/or the application therefor was received and processed to completion by, the United States Copyright Office prior to the commencement of this action, and Hera has at all times complied in all material respects with the Copyright Act and all laws governing copyright with respect to Subject Design B.

19. Since 2018, Hera has sampled and sold fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

20. Following this distribution of product bearing Subject Design B, Hera's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design B and were selling fabric and garments bearing illegal reproductions and derivations of Subject Design B.

21. Hera is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design B, CHICME, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric bearing unauthorized

reproductions of Subject Design B ("Offending Product B") (collectively with Offending Product A, the "Offending Products").

22. Hera is informed and believes and thereon alleges that Defendants sold Offending Product B to the public, including to customers in California and this District.

23. Hera is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Hera's rights and/or in blatant disregard for Hera's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

24. A non-exclusive comparison of Subject Design B and an exemplar of Offending Product B is shown below:

//

| HE-2075 | Offending Products |
| --- | --- |
|   |     |

| HE-2075 | Offending Products |
|---|---|
| <br> | <br><br> |

| HE-2075 | Offending Products |
|---|---|
|  |    |

25. The above referenced comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are substantially similar.

## ALLEGATIONS COMMON TO ALL CLAIMS

26. Hera has continuously and widely disseminated, marketed, sampled, and sold fabric and garments bearing the Subject Designs throughout the fashion and apparel industries, including within California and this District, since at least 2018. The Subject Designs achieved commercial success and were distributed and sold in substantial quantities, such that they were widely available in the marketplace and within the channels of the fashion and apparel trade in which Defendants operate.

27. By reason of the foregoing widespread dissemination, and Defendants' participation in the same fashion and apparel design, manufacturing, and supply channels, Defendants, and each of them, had access to, and a reasonable opportunity to view and copy, the Subject Designs, including without limitation through (a) Hera's showroom, design library, strike-offs, and samples; (b) third-party vendors, converters, and printing mills, including overseas manufacturers, that possessed or had access to fabric bearing the Subject Designs; and (c) garments lawfully bearing the Subject Designs that were sold to the public. In the alternative, the Offending Products are so strikingly and virtually identical to the Subject Designs that they could not have been created independently and could only have resulted from copying the Subject Designs.

28. The Offending Products are identical or virtually identical to the Subject Designs and reproduce the same original and distinctive selection, combination, arrangement, layout, proportions, spacing, coloration, and orientation of the constituent design elements, including arbitrary and non-functional design choices that would not independently recur absent copying. The similarities between the Offending Products and the Subject Designs extend to the protectable, original

expression of the Subject Designs and are not limited to any unprotectable, functional, or commonplace elements.

29. Defendant CHICME owns and/or operates the e-commerce platform located at www.chicme.com, through which it advertised, displayed, marketed, offered for sale, sold, distributed, and shipped the Offending Products directly to consumers, including consumers located in California and this District. CHICME manufactured, caused to be manufactured, imported, and/or purchased the Offending Products and thereafter sold them for profit through its website and other channels of distribution.

30. In or about May 2024, Hera, through its counsel, sent CHICME a written cease-and-desist letter that identified the Subject Designs and the Offending Products, notified CHICME of Hera's copyright rights and of CHICME's infringement thereof, and demanded that CHICME cease and desist from all further manufacture, importation, distribution, advertisement, offering for sale, and sale of the Offending Products, in a good-faith effort to resolve the dispute without litigation. CHICME never responded to Hera's cease-and-desist letter.

31. Notwithstanding its receipt of the cease-and-desist letter and its resulting actual knowledge of Hera's copyright rights and of its own infringement, CHICME failed and refused to respond and continued to manufacture, import, distribute, advertise, offer for sale, and sell the Offending Products. CHICME's continued infringement after receiving actual notice of Hera's rights demonstrates that its infringement was, and continues to be, knowing, willful, intentional, and in reckless disregard of Hera's rights.

//

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

32. Hera repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33. Hera is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject including, without limitation, through (a) access to Hera's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Hera's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Hera for its customers.

34. Hera is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Hera is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were illegal derivations or modifications thereof.

35. Hera is informed and believes and thereon alleges that Defendants, and each of them, infringed Hera's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a network of retail stores, catalogues, and through on-line websites.

36. Due to Defendants' acts of infringement, Hera has suffered substantial damages to its business in an amount to be established at trial.

37. Due to Defendants' acts of infringement, Hera has suffered general and special damages in an amount to be established at trial.

38. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Hera is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Hera's rights in the Subject Designs in an amount to be established at trial.

39. Hera is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Hera will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Contributory Copyright Infringement - Against All Defendants)

40. Hera hereby realleges and incorporates by reference herein each and every allegation in the preceding paragraphs as though fully set forth herein.

41. On information and belief, one or more third parties, including CHICME's overseas manufacturers, converters, printing mills, suppliers, and/or vendors, and one or more of the DOE Defendants, directly infringed Hera's copyrights in the Subject Designs by reproducing, creating, manufacturing, and/or preparing derivative works from the Subject Designs onto fabric and/or garments

without Hera's authorization. These acts constitute direct copyright infringement by third parties that underlies and gives rise to CHICME's contributory liability.

42. On information and belief, Hera alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Designs as alleged hereinabove. Such conduct included, without limitation, creating derivative works, creating products which use the Subject Designs, and/or selling such derivative works and products and that that Defendants knew, or should have known, were not authorized to be published by Defendants.

43. Defendants had actual knowledge, and/or were aware of the facts and circumstances, surrounding the creation of the Offending Products.

44. CHICME had knowledge of this infringing activity. CHICME acquired actual knowledge of Hera's copyright rights and of the infringement of the Subject Designs no later than its receipt of Hera's May 2024 cease-and-desist letter, which specifically identified the Subject Designs and the Offending Products, yet CHICME thereafter continued to purchase, import, distribute, advertise, offer for sale, and sell the Offending Products. CHICME further had constructive knowledge of the infringement by virtue of its sophistication and experience in the fashion and apparel industry, its familiarity with the copyright protection afforded to original textile and print designs, and its direct dealings with the manufacturers and suppliers that reproduced the Subject Designs.

45. CHICME materially contributed to, induced, caused, and participated in the direct infringement described above. On information and belief, CHICME induced and caused the creation of the Offending Products by ordering, commissioning, purchasing, and/or specifying products bearing the Subject Designs from its manufacturers and suppliers, and provided the means and instrumentalities by which the infringement was carried out and disseminated to the public, including

by financing and directing the manufacture of the Offending Products, importing and warehousing them, and providing the online marketplace located at www.chicme.com, together with the marketing, payment processing, order fulfillment, and shipping through which the Offending Products were advertised, sold, and delivered to consumers. Without CHICME's participation and material contribution, the infringing Offending Products would not have reached consumers in California and this District.

46. Hera alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of Hera's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

47. By reason of Defendants' acts of contributory infringement as alleged above, Hera has been damages and has suffered damages in an amount to be established at trial.

48. Due to Defendants' acts of contributory copyright infringement as alleged herein, they have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Hera's rights in the Subject Designs. As such, Hera is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of the Subject Designs, in an amount to be established at trial.

49. Hera is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of contributory copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Hera will make its election between actual damages and statutory damages.

**THIRD CLAIM FOR RELIEF**

(For Vicarious Copyright Infringement - Against All Defendants)

50. Hera repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

51. On information and belief, CHICME's manufacturers, suppliers, and/or vendors, and one or more of the DOE Defendants, directly infringed Hera's copyrights in the Subject Designs by reproducing them onto the fabric and garments that CHICME thereafter sold, and these acts of direct infringement by third parties underlie CHICME's vicarious liability.

52. On information and belief, Hera alleges that Defendants, and each of them, are vicariously liable for the infringements alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Offending Products, and were able to supervise the reproduction, distribution, broadcast, and publication of the Offending Products.

53. CHICME had, and at all relevant times has, the right and ability to supervise and control the infringing conduct. On information and belief, CHICME selects, engages, and directs its manufacturers, suppliers, and vendors; specifies, reviews, approves, and has the right to reject the designs, artwork, samples, and products manufactured for and supplied to it; and controls which products are listed, displayed, marketed, and sold through its platform located at www.chicme.com. CHICME therefore had the practical ability, as well as the contractual and legal right, to prevent, halt, and remove the Offending Products from manufacture, importation, distribution, and sale, including after it received Hera's May 2024 cease-and-desist letter, yet declined to exercise that ability and instead continued to offer and sell the Offending Products.

54. Defendants also have a direct financial interest in its suppliers' conduct, including with respect to the Offending Products, because Defendants realize increased profits through the proliferation and dissemination of the Offending Products through its retail business by disregarding the intellectual property rights of copyright holders such as Hera and saving money on licensing fees and costs with regard to the same.

55. CHICME had, and at all relevant times has, a direct financial interest in the infringing conduct. On information and belief, the Offending Products, which bear the popular and commercially valuable Subject Designs, act as a draw that attracts customers to CHICME and its platform, and CHICME derives direct and substantial financial benefit from the sale of the Offending Products in the form of revenues and profits on each sale, increased customer traffic, and the enhanced commercial appeal of its retail business, all while avoiding the licensing fees and costs it would otherwise owe to copyright holders such as Hera. The availability of the Offending Products bearing the Subject Designs was, and continues to be, a draw for CHICME's customers that directly contributes to CHICME's sales and profits.

56. Hera alleges that Defendants committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that acts of vicarious copyright infringement were, and continue to be, willful, intentional, and malicious.

57. By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, Hera has suffered general and special damages in an amount to be established at trial.

58. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Hera's rights in the Subject Designs. As such, Hera is entitled to disgorgement of Defendants' profits directly

and indirectly attributable to Defendants' infringement of Hera's rights in the Subject Design, in an amount to be established at trial.

59. On information and belief, Hera alleges that Defendants, and each of them, have committed acts of vicarious copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;
b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;
c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;
d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;
e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;
f. That Plaintiff be awarded pre-judgment interest as allowed by law;
g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 18, 2026 By: */s/ Trevor W. Barrett*

Trevor W. Barrett, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff